UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT J. PLATO, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-04254-SEB-TAB |
| | ) |
| D. J. HUYVAERT, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff filed his Amended Complaint on December 2, 2019, charging Defendants with "wrongful imprisonment, false arrest, violation of Due Process and other Constitutional and State Constitutional Rights Violations." [Dkt. 7]. Now before the Court is Defendant's Motion to Dismiss. [Dkt. 17]. For the reasons set forth herein, this motion is **granted**.

**Procedural Background**

**I.    The Screening of Plaintiff's Complaint**

Plaintiff Robert J. Plato, Jr., a prisoner in the New Castle Correctional Facility in New Castle, Indiana, *pro se* initiated this civil rights action on October 17, 2019. [Dkt. 1]. Plaintiff simultaneously moved for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, which request we granted. [Dkt. 2, Dkt. 5].

When a plaintiff is allowed to proceed *in forma pauperis*, the Court has an obligation to ensure that his complaint is sufficient. 28 U.S.C. § 1915(e)(2)(B). The

1

Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* Dismissal under this statute is an exercise of the Court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

*Pro se* complaints such as that filed by Plaintiff are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

Plaintiff filed his first complaint against the Indiana State Department of Parole and D.J. Huyvaert, Director of the Division of Parole for the Indiana Department of Corrections, on October 17, 2019, seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff stated that he was "issued a parole violation arrest warrant" on April 2, 2018. He claimed that he was not served with a "notification of parole violation hearing" until October 5, 2018, with a revocation hearing held on October 18, 2018. Plaintiff asserted that this date was "199 days past" what Indiana law requires, per Ind. Code. § 11-13-3-10, and argued that the delay violated his due process rights under the United States and Indiana Constitutions. He sought $1,000,000 in damages.

On November 19, 2019, we issued our Screening Order of Plaintiff's complaint.

We first explained:

> Any claims against the Indiana State Department of Parole are **dismissed with prejudice** (meaning Plaintiff cannot address them again in a later complaint) because the Eleventh Amendment immunity bars suits against states and their agencies regardless of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 102 (1984).

[Dkt. 5, at 4].

Having reviewed Plaintiff's Complaint with regard to Defendant Huyvaert, we found that any claims against him must also be dismissed.

First, the Complaint did not state whether Defendant Huyvaert was being sued in his individual or official capacity. If Plaintiff intended the latter, we informed Plaintiff that the Complaint must be dismissed because a lawsuit for damages against a state actor in his official capacity is treated like a lawsuit for damages against the state, and thus is also barred by the Eleventh Amendment. *Indiana Prot. & Advocacy Servs. v. Indiana Family & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010) (*citing Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)).

In addition, if Plaintiff was suing Defendant Huyvaert in his individual capacity, dismissal of the Complaint was required because it failed to show how as a matter of law Plaintiff was entitled to relief. Aside from naming Defendant Huyvaert as a defendant, Plaintiff's Complaint did not actually accuse him of any wrongdoing. In fact, Defendant Huyvaert was never even mentioned in the body of the Complaint. Based on the facts presented, Defendant Huyvaert did not appear to have played any direct role in processing Plaintiff's parole violation or causing his alleged harms. Accordingly, we explained, he could not be held individually liable under Section 1983. *Hearne v. Bd. of Educ. of City of Chicago*, 185 F.3d 770, 777 (7th Cir. 1999) (*citing Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978)).

For these reasons, we dismissed Plaintiff's claims against both defendants. We nonetheless afforded Plaintiff an opportunity to file an amended complaint that provided additional details explaining his claims against Defendant Huyvaert.

## II. Plaintiff's Amended Complaint

Plaintiff timely filed his amended complaint on December 2, 2019, alleging the following facts.[1]

On April 2, 2018, Plaintiff was arrested on a parole warrant that had been issued that same day. Pursuant to the parole warrant, Plaintiff was taken into state custody and held in the Madison County Jail. However, he was not informed of the basis for the parole warrant at the time of his arrest, nor was he provided with a preliminary revocation hearing within ten days of his arrest, as required by Ind. Code. § 11-13-3-9(a), (e). Instead, he remained in Madison County Jail for forty-two days "without any notification or justification from anyone from the Department of Parole" until May 14, 2018, when he was charged with attempted robbery in violation of Indiana law. That same day, the state criminal court determined that probable cause existed to arrest him for this charge, which charge was connected to events that transpired on the date of Plaintiff's arrest, April 2, 2018.

On September 17, 2018, following his plea of guilty, Plaintiff was sentenced to four years imprisonment for the crime of attempted robbery. While serving this sentence,

---

[1] Included with the pleadings are Plaintiff's Notice of Parole Violation Hearing, Notice/Disposition by Parole Board, and copies of correspondence between Plaintiff and Defendant Huyvaert. We also take judicial notice of the state court criminal proceedings against Plaintiff, *State of Indiana v. Robert James Plato, Jr.*, Cause No. 48C03-1805-F5-001294.

on October 5, 2018, Plaintiff, for the first time, received a formal notice from the Indiana State Parole Board ("Parole Board") describing the parole violation that triggered his arrest pursuant to the parole warrant in April 2018—specifically, that he had violated parole rule # 7, "criminal conduct." Plaintiff appeared for a revocation hearing before the Parole Board on October 18, 2018, which was 199 days after his initial arrest and 31 days after his sentencing. At the revocation hearing, the Parole Board found that Plaintiff's conviction warranted the revocation of his parole.

    That day, Plaintiff wrote to Defendant Huyvaert, explaining that the Parole Board had erred in failing to hold a revocation hearing for his arrest in the timeframe prescribed by Indiana law. Specifically, Plaintiff asserted that the Parole Board had violated Ind. Code. § 11-13-3-10, which he believed entitled him to a revocation hearing before the parole board no later than 60 days from the date of his arrest for the parole violation.

    On October 31, 2018, Defendant responded to Plaintiff's letter explaining that because of Plaintiff's "pending criminal charges at the time the Parole Warrant was served," the Parole Board was foreclosed from holding a revocation hearing on the parole violation until there was a "final determination" of the criminal charges against Plaintiff. Accordingly, not until Plaintiff's criminal charges were "disposed by the Madison County Court" on September 7, 2018, was Plaintiff considered "available for [a] Parole Board Revocation Hearing." The hearing was then promptly conducted in accordance with Indiana law on October 5, 2018, Defendant Huyvaert informed Plaintiff. [Dkt. 1-1].

    Plaintiff rejected Defendant Huyvaert's explanation. Because his arrest occurred on April 2, 2018, but the criminal charges were not initiated against him until May 14,

5

2018, he maintains in his complaint that the countdown to provide him a revocation hearing began running on April 2, 2018.

Plaintiff alleges that the failure to promptly provide him a revocation hearing violated his due process rights under the United States Constitution. We also discern from Plaintiff's complaint his allegation that his due process rights were violated when he was not afforded notice of the parole violation and a preliminary hearing within ten days of his arrest. Plaintiff further contends that these due process violations also constitute false arrest and wrongful imprisonment. He alleges that Defendant Huyvaert, by failing to remedy the errors of the Parole Board once Plaintiff notified him of them, is responsible for these malfeasances. Plaintiff requests monetary and injunctive relief to redress these injuries.

On December 13, 2019, we issued an Order stating that Plaintiff's claims against Defendant Huyvaert could proceed. We cautioned, however, that our ruling was "without prejudice to the filing of a proper Rule 12 motion." [Dkt. 9]. Defendant has now so moved.

## Analysis

### I.      Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At minimum, a plaintiff is required to support its complaint with "some specific facts." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting

6

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand the requirements of Federal Rules of Civil Procedure 8 and 12(b)(6). *Iqbal*, 556 U.S. at 678. How much specificity is required may vary from case to case, but "'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.'" *McCauley*, 671 F.3d at 616 (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)).

In addressing a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true, and we construe all inferences that reasonably may be drawn from those facts in the light most favorable to the non-movant. *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 504 (7th Cir. 2013) (citing *Iqbal*, 556 U.S. at 678).

That we previously screened Plaintiff's Amended Complaint and permitted it to proceed does not preclude us from granting Defendant Huyvaert's Motion to Dismiss. *See, e.g. Mark v. Cadotte*, 2015 WL 402852, at *3 (E.D. Wis. Jan. 28, 2015); *Harris v. Ruthenberg*, 62 F. Supp. 3d 793, 800 (N.D. Ill. 2014) ("Courts that have addressed the question of whether a complaint can be dismissed after it survives § 1915A screening have, almost invariably, answered yes.").

## II. Discussion

### A. *Plaintiff's Official-Capacity Claims Against Defendant Huvyaert Must Be Dismissed*

Defendant Huyvaert argues, and, indeed, we have previously determined, that, "to the extent Plaintiff brings his claims against Defendant, in his official capacity, his

7

monetary claims are barred by the Eleventh Amendment and should be dismissed." *Indiana Prot. & Advocacy Servs. v. Indiana Family & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010) (*citing Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)). We noted that a "lawsuit for damages against a state actor in his official capacity is treated like a lawsuit for damages against the state, and thus is [] barred by the Eleventh Amendment." *Indiana Prot. & Advocacy Servs. v. Indiana Family & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010) (*citing Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)). Accordingly, Plaintiff's Amended Complaint is dismissed to the extent it seeks to recover damages from Defendant Huyvaert in his official capacity.

Defendant Huyvaert argues that Plaintiff's complaint for injunctive relief against him in his official capacity must also be dismissed.

"Official-capacity suits against state officials seeking prospective relief are permitted by § 1983, . . . and under *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), they are not barred by the Eleventh Amendment." *Williams v. Wisconsin*, 336 F.3d 576, 581 (7th Cir. 2003). Complaints seeking injunctive and declaratory relief from ongoing or anticipated violations of rights are thus not barred from the outset. *Id.*

Here, however, Plaintiff has not alleged any ongoing or anticipated violations of federal rights, as Defendant Huyvaert contends. To the extent his complaint alleges violations of the United States Constitution or federal law, these allegations reflect one-time, prior violations.

Because Plaintiff has not alleged any continuing or future violations of any right, there is no ongoing violation to enjoin, injunctive relief against Defendant is unavailable. *Papasan v. Allain*, 478 U.S. 265, 277 (1986) "[T]he Ex parte Young exception is focused on cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time."); *McDonough Associates, Inc. v. Grunloh* 722 F.3d 1043, 1050 (7th Cir. 2013) ([C]ourts may enjoin ongoing behavior by state officials that violates federal law.") Accordingly, to the extent Plaintiff's complaint seeks injunctive relief against Defendant in his official capacity, it is dismissed.

### B. *Plaintiff's Individual-Capacity Claims Against Defendant Huvyaert Must Be Dismissed*

Defendant Huyvaert also contends that the Amended Complaint, to the extent it seeks to hold him liable in his individual capacity under 42 U.S.C § 1983, must also be dismissed for its failure to sufficiently allege that Plaintiff's constitutional rights were violated. Even if Plaintiff's rights were violated, Defendant Huyvaert maintains that the Complaint does not sufficiently allege that he personally caused the violation of those rights.

To prevail on his Section 1983 claim against Defendant Huyvaert in his individual capacity, Plaintiff must show that (1) he held a constitutionally protected right; (2) he was deprived of this right in violation of the Constitution; (3) Defendant Huyvaert intentionally caused this deprivation; and (4) the Defendant acted under color of state law. *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993).

Defendant Huyvaert does not dispute that "[p]arolees charged with violations of parole are within the protection of the Due Process Clause of the Fourteenth Amendment, *Luttrull v. Parke*, 874 N.E.2d 651 (Ind. Ct. App. 2007) (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). To comport with the minimum requirements of due process, parole revocation hearings "must be tendered within a reasonable time after the parolee is taken into custody." *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972).

Though Defendant Huyvaert does not dispute that the failure to provide a parolee with a prompt final revocation hearing may give rise to a cognizable due process claim, he nonetheless maintains that Plaintiff *was* afforded a timely revocation hearing. Defendant Huyvaert directs us to Ind. Code. § 11-13-3-10, which specifically provides, in relevant part, that:

> Sec. 10. (a) Parole revocation hearings shall be conducted as follows:
>
>> (1) A parolee who is confined due to an alleged violation of parole shall be afforded a parole revocation hearing within sixty (60) days after the parolee is made available to the department by a jail or state correctional facility, if:
>>
>>> (A) there has been a final determination of any criminal charges against the parolee.

Pursuant to this provision, Plaintiff's 60-day clock did not begin running until the final determination of the pending criminal charges against him. Such disposition occurred on September 17, 2018, and the parole board hearing was held within 60 days of that date on October 18, 2018. Accordingly, says Defendant Huyvaert, the actions of the parole board were consistent with Indiana law and the United States Constitution.

We agree that the record reflect that Plaintiff was provided with a timely revocation hearing in accordance with Indiana law and the Fourteenth Amendment. The relevant statute required the hearing to be held within 60 days from the date that Plaintiff's criminal charges were resolved. *Id.* The allegations in the complaint as well as its attachments (including the Notice of Parole Violation Hearing, Notice/Disposition by Parole Board) establish that this occurred here. There is no dispute that Indiana's 60-day time frame is reasonable, and, indeed, delays of this length and nature have been recognized as such. *See id; Rivera v. United States*, 25 F.3d 1053 (7th Cir. 1994); *Truth v. Superintendent*, 2017 WL 6554953, at *3 (S.D. Ind. Dec. 22, 2017). Plaintiff appears to believe that because he was not charged criminally until several weeks after his arrest, the date that these criminal charges were disposed of is irrelevant. Plaintiff's interpretation of this statute, however, is incorrect. *Truth v. State*, 65 N.E.3d 645 (Ind. Ct. App. 2016). In *Truth v. State*, for example, the Indiana Court of Appeals held that the 60-day clock began running once the parolee's pending criminal charges were fully resolved, regardless of the fact the criminal charges were brought subsequent to the parolee's arrest and detainment for his parole violation. *Id.* at *5; *See also Gibbs-El v. Hegewald*, 962 N.E.2d 703 (Ind. Ct. App. 2012).

Plaintiff also alleges that his due process rights were violated when he was not provided with a preliminary hearing within ten days of his arrest, pursuant to Ind. Code § 11–13–3–9(a), (e).[2] Due process mandates that a preliminary hearing be provided to

---

[2] Plaintiff's complaint cites the incorrect statute; however, the nature of his grievance is clear.

parolees arrested on parole violations "to determine whether there is probable cause or reasonable grounds to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions." *Morrissey*, 408 U.S. at 485. Only if there is a finding of probable cause may the parolee be confined pending a parole revocation hearing. *Id.* § 11–13–3–9(c). In this case, not until May 14, 2018 (42 days after Plaintiff was taken into custody pursuant to the parole warrant) was it determined that probable cause existed with respect to Plaintiff's charge of attempted robbery, which served as the basis for his parole violation. Accordingly, it appears that Plaintiff was not provided with a timely preliminary hearing, as he claims is required by *Morrissey* and Indiana law. That the complaint sufficiently alleges as much is not disputed by Defendant Huyvaert.

However, to hold Defendant Huyvaert personally liable for this potential due process violation, it is not enough that Plaintiff alleges the occurrence of the constitutional deprivation; he must also allege facts supporting Defendant Huyvaert's direct, personal involvement with the deprivation of his constitutional right. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Here, Plaintiff has allged only that Defendant Huyvaert responded to a letter which Plaintiff had transmitted to him following the Parole Board's decision to revoke his parole. There is no allegation that Defendant Huyvaert was personally, directly involved with (or even aware of) this failure to provide a preliminary hearing or otherwise involved in the proceedings surrounding the revocation of Plaintiff's parole; indeed, as stated, Defendant Huyvaert's involvement in the dispute until *after* this due process

12

violation had occurred. To the extent Plaintiff alleges that Defendant Huvyaert contributed to this alleged constitutional deprivation by virtue of his supervisory or authoritative role, such allegations, even if true, would be insufficient to hold Defendant Huyvaert personally liability.[3] This is because Section 1983 does not impose personal liability on supervisors relating to the actions of their subordinates simply based on their supervisory relationship. *Id.*

Accordingly, Plaintiff's civil rights claims against Defendant Huyvaert in his individual capacity must be dismissed.

At this juncture, we believe it is apparent that there is no version of Plaintiff's factual allegations against Defendant Huyvaert that would allow Plaintiff to prevail in a claim against him. Having previously provided Plaintiff with an opportunity to amend his complaint to state additional facts regarding Defendant Huyvaert's personal involvement in any of the alleged due process violations, it is now clear that Defendant Huyvaert was not involved in the circumstances giving rise to Plaintiff's civil rights claims such that he could be held liable in his official or individual capacity pursuant to Section 1983. For these reasons, we shall not afford Plaintiff another opportunity to amend his complaint.

   C. *Plaintiff's Claims for False Imprisonment and False Arrest Are Dismissed*

Plaintiff's Complaint also alleges claims for false arrest and false imprisonment, both cognizable torts under Indiana law. However, in light of the disposition of the Section 1983 claims, we decline to exercise federal jurisdiction over the potential pendent

---

[3] Indeed, Plaintiff's allegations appear to be that Defendant Huvyaert is responsible because he has authority over the Parole Board.

state law claims.[4] *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501, 1999 WL 773546 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

## CONCLUSION

Defendant's Motion to Dismiss [Dkt. 17] is **granted**. Final judgment shall now enter, and this action will be dismissed without prejudice

IT IS SO ORDERED.

Date:   3/26/2021

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT J. PLATO, JR.
244589
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Catherine E. Brizzi
INDIANA ATTORNEY GENERAL
catherine.brizzi@atg.in.gov

---

[4]This is because, as a federal court, we have limited jurisdiction. This means that we can generally only hear claims for two types of cases: cases involving a federal question and cases where there is diversity of citizenship of the parties. Plaintiff's Complaint involved federal questions. However, the dismissal of Plaintiff's federal claims forecloses our jurisdiction to hear his state law claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well.").

Matthew Stephen Koressel
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
mkoressel@zsws.com

Mollie Ann Slinker
INDIANA ATTORNEY GENERAL
mollie.slinker@atg.in.gov